**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:15cr178

EDUARDO FRANCIS MAZ,

        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant Eduardo Francis Maz's DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE ("Def. Mot."), ECF No. 12. For the reasons set forth below, the Defendant's Motion will be granted in part and denied in part.

## BACKGROUND

On November 3, 2015, a grand jury for the Eastern District of Virginia returned a one-count indictment against the Defendant Maz, alleging misuse and attempted misuse of a passport in violation of 18 U.S.C. § 1544. (Indictment, ECF No. 3). The Indictment charges that, on or about December 29, 2013, Maz "willfully and knowingly used and attempted to use United States passport No. 212907793 issued and designed for the use of another and in violation of the conditions and restrictions therein contained." Id. As alleged in the indictment, Maz "took from the custody and control of Victor Ronald Maz, the

1

defendant's brother, Victor Ronald Maz's United States passport and presented that same passport in order to depart the United States on an airplane bound for Guatemala City, Guatemala." Id. The passport was allegedly presented at Miami International Airport in Miami, Florida. In the UNITED STATES' RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE IN THE EASTERN DISTRICT OF VIRGINIA (U.S. Resp.), the Government contends that the passport was acquired in the Eastern District of Virginia. (U.S. Resp. 1).

An arrest warrant for Maz was issued on November 4, 2015 (ECF No. 6), and executed on September 14, 2016 (ECF No. 7). On October 26, 2016, Maz filed this motion to dismiss for lack of venue (ECF No. 12). The United States filed its initial response ("U.S. Resp.") (ECF No. 14) on November 4, 2016, and Maz filed a reply (Def. Reply) (ECF No. 15) on November 10, 2016. An evidentiary hearing and argument were held on November 21, 2016, and, at the request of the United States at a conference call on the record the following day, the Court ordered supplemental briefing on Maz's motion (ECF No. 16). A supplemental memorandum was filed by the United States on December 5, 2016 ("U.S. Supp.")(ECF No. 17), and Maz filed his response on December 13, 2016 ("Def. Suppl. Resp.")(ECF No. 18). The United States filed its supplemental reply on December 16, 2016 ("U.S. Suppl. Reply") (ECF No. 19).

2

Both parties have focused their argument on the proper venue for the charge of actual misuse of the passport. In his initial and supplemental memoranda, Maz contends that, under binding Fourth Circuit precedent, the only jurisdiction where venue lies for misuse of a passport is the jurisdiction where the passport is presented (Def. Mot. 1)(Def. Reply 2-4)(Def. Supp. Resp. 2-10). In response, the United States insists that 18 U.S.C. § 1544 constitutes a continuing offense which begins when and where a defendant acquires the passport with criminal intent. (U.S. Resp. 4-8)(U.S. Supp. 2-14)(U.S. Supp. Reply 2-4.

By contrast, neither party has addressed the fact that, as returned, the Indictment also charges Maz with Attempted Misuse of a Passport under 18 U.S.C. § 1544.[1] Notwithstanding this inattention to the attempt charge, Maz asks the Court to dismiss the entire indictment for lack of venue. Thus, the Court must also consider whether venue lies for the charge of attempted misuse of a passport under 18 U.S.C. § 1544. The Court finds that no additional briefing is necessary to aid the Court in making this additional determination.

---

[1] The United States comes somewhat close to arguing attempt in its arguments for venue under the law of conspiracy, but as the Defendant rightly points out, the Indictment does not charge conspiracy. (Def. Supp. Resp. 3-4). It does charge attempt. (Indictment, ECF No. 3).

## LEGAL STANDARDS

### A. Venue

The Constitution provides criminal defendants with the right to be tried in the State and district where their alleged crime was committed. See U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI. The Federal Rules of Criminal Procedure further protect this right by requiring that, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Together, these provisions protect criminal defendants "from the inconvenience and prejudice of prosecution in a far-flung district bearing no connection to their offenses." United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006).

Although the venue rule "seems straightforward, the place of the crime can be difficult to determine." United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000). Consequently, the Supreme Court and the Fourth Circuit have provided further instruction. Where the statute does not provide for venue, the Supreme Court has counseled that venue "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 7, (1998) (quoting United States v. Anderson, 328 U.S. 699, 703 (1946)). In making this determination, both the Supreme Court

and the Fourth Circuit have instructed that the analysis should focus on the essential elements of the charged offense. <u>See</u> <u>United States v. Rodriguez-Moreno</u>, 526 U.S. 275, 280 (1999)

"Venue does not necessarily lie, however, in every district where an essential element of the offense has transpired." <u>United States v. Bowens</u>, 224 F.3d 302, 309 (4th Cir. 2000). In <u>Bowens</u> and subsequent cases, the Fourth Circuit has made clear that, unless the pertinent criminal statute instructs otherwise, venue is limited to "the place of the essential *conduct* elements of the offense." <u>Id.</u> (emphasis in original); <u>see also</u> <u>United</u> <u>States v. Engle</u>, 676 F.3d 405, 413 (4th Cir. 2012) ("This assessment must focus on the 'essential conduct elements' of the charged offense[.]" Only this rule aligns with the Supreme Court's instruction to limit venue to the location "where the criminal act is done." <u>Anderson</u>, 328 U.S. at 705.

Nevertheless, venue for a single crime may still lie in multiple districts. <u>United States v. Engle</u>, 676 F.3d 405, 413 (4th Cir. 2012). And, "[w]here venue requirements are met, the prosecution may proceed in that district, notwithstanding the possibility that the gravamen of the wrongdoing took place elsewhere," <u>Smith</u>, 452 F.3d at 334. This is often the case with offenses that qualify as "continuing offenses" under 18 U.S.C. § 3237, which provides that "any offense against the United States begun in one district and completed in another, or

5

committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Id. Notwithstanding this language, it remains true that "the district 'where the criminal act is done determines the jurisdiction' where the case must be tried." Bowens, 224 F.3d at 309 (quoting Anderson, 328 U.S. at 705) (internal ellipsis omitted).

In satisfying these tests, the United States has the burden of demonstrating that venue is proper. United States v. Burns, 990 F.2d 1426, 1436 (4th Cir. 1993). However, unlike other aspects of the criminal trial, the Government may do so by preponderance of the evidence. Id. Furthermore, while the existence of venue is typically a question of fact for the jury, a Defendant can and must raise the issue before trial if the alleged defect in venue appears on the face of his indictment. See United States v. Ebersole, 411 F.3d 517, 525 (4th Cir. 2005). Although it is not apparent on the face of the Indictment here, the United States does not dispute that the passport in question was presented in Miami, Florida. For purposes of this motion, Maz has assumed, but does not concede, that the passport was acquired in Virginia. (Def. Reply 1).

**B. Attempt**

In the Fourth Circuit, an "attempt to commit a crime, which

is recognized as a crime distinct from the crime intended by the attempt, punishes conduct that puts in motion events that would, from the defendant's point of view, result in the commission of a crime but for some intervening circumstance." United States v. Pratt, 351 F.3d 131, 135 (4th Cir. 2003). Although there is no federal statutory definition of attempt, the Fourth Circuit requires the Government to prove, beyond reasonable doubt, that the defendant had "culpable intent to commit the crime charged," and that he or she took "a substantial step towards the completion of the crime that strongly corroborates that intent." Engle, 676 F.3d at 419 (4th Cir. 2012). This standard was initially drawn, and remains closely aligned to, the definition of attempt found in the Model Penal Code. See United States v. McFadden, 739 F.2d 149, 152 (4th Cir.1984); see also Model Penal Code § 5.01(1)(c).

### DISCUSSION

As the response and supplemental response of the United States point out, the Eastern District of Virginia has a strong and justified interest in prosecuting the Defendant in this case. In December of 2013, Maz was facing serious state charges. On December 13, 2013, the Virginia Prosecutor *nolle prossed* those charges with an apparent warning to Maz that they would shortly be re-filed. (U.S. Resp. 1-2). Before those charges could be refiled (which occurred on January 6, 2014), Maz (as

7

alleged) used his brother's passport to leave the United States. Id. Notwithstanding the fact that no charges were pending during Maz's travel, see Def. Supp. Reply at 3, it appears quite likely from the briefing that the instant offense was committed to evade prosecution of more serious charges in Virginia. Under such circumstances, the Eastern District of Virginia can hardly be described as "a far-flung district bearing no connection to the[] offense[]," and it is thus difficult to suggest that the principles of criminal venue would be offended by requiring Maz to stand trial in this district. United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006). Nevertheless, binding precedent in this circuit disregards these factors in favor of a singular focus on the "essential conduct elements" of the charged offense(s). Bowen, 224 F.3d at 309; see also Engle, 676 F.3d at 413.

Under that binding precedent, it is clear that the crime of "misuse of a passport" is more akin to the crime of harboring a fugitive than it is to wire fraud. Cf. Bowen, 224 F.3d at 309-10 and Ebersole, 411 F.3d at 525-527. Similarly to the offense of harboring a fugitive in Bowen, there are not multiple conduct elements involved in misusing a passport, much less essential conduct elements. Instead, the one and only essential conduct element contained in 18 U.S.C. § 1544 is the actual misuse of a passport: here, its presentation to authorities in Florida.

Moreover, contrary to argument of the United States, it is not enough for venue purposes that some other action (*i.e.*, obtaining the passport) is a logically necessary predicate to the offense— even if that predicate action is also criminal. See United States v. Villarini, 238 F.3d 530, 532 (4th Cir. 2001) (holding that venue did not lie in Virginia for money laundering that occurred in Florida, despite the fact that the money was embezzled in Virginia). Bowen and Villarini teach that venue is "proper only in a district in which an essential conduct element of the offense took place." Villarini, 238 F.3d at 534. Therefore, the acquisition of the passport, even if it did occur in Virginia, cannot support venue for the charge of misuse of a passport. Venue for that offense will lie only where the passport is actually misused. In this case, that venue is the Southern District of Florida, not the Eastern District of Virginia.

Nevertheless, applying this same precedent and analysis to the law of attempt, it is equally clear that the charge of *attempted* misuse of a passport cannot be dismissed at this stage. Under Bowen and Engle, venue for the attempted misuse of a passport under § 1544 will lie in any district in which the Defendant took "a substantial step towards the completion of the crime" with the requisite "culpable intent to commit the crime charged." Engle, 676 F.3d at 419. In other words, the

"substantial step towards completion of the crime" is the "essential conduct element" of any criminal attempt. Id.; see also Bowen 224 F.3d at 309. Thus, although Maz correctly argues that acquiring the passport of another is not an "essential conduct element" of *actually* misusing it, the same act would still constitute (if proven) the "substantial step" necessary to convict, and therefore an "essential conduct element" of, the charge of *attempted* misuse of a passport. See Model Penal Code § 5.01 (listing "possession of materials to be employed in the commission of the crime" as an example of a "substantial step"); see also Pratt, 351 F.3d at 135 (endorsing that list). As a result, if the Government can prove that Maz acquired his brother's passport with the intent to misuse it—*i.e.* the complete crime of attempted misuse of a passport—in the Eastern District of Virginia, venue will be proper on that charge.

Although Maz assumed otherwise for purposes of this motion, he actively disputes the United States' claim that he acquired his brother's passport in Virginia. See Def. Reply 1 ("Mr. Maz does not concede the accuracy of these facts."). Therefore, a factual dispute exists relating to the question of venue and the charge of attempted misuse of a passport. Under Fourth Circuit precedent, that dispute must be submitted to the jury at trial, where the Government will have the burden of proof of demonstrating venue by preponderance of the evidence. United

States v. Ebersole, 411 F.3d 517, 526 (4th Cir. 2005). Accordingly, the Defendant's motion will therefore be denied as it relates to the charge of attempted misuse of a passport.

### CONCLUSION

For the reasons stated herein, the Defendant's Motion will be granted in part and denied in part. The charge of misuse of a passport, contained in Count One of the Indictment, will be dismissed for lack of venue pursuant to Fed. R. Crim. P. 18. The charge of attempted misuse of a passport, also contained in Count One of the Indictment, shall remain, to be fully resolved by the jury at trial in this district.

It is so ORDERED.

_____/s/_____ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January _9_, 2017